(No. 4454— )

Max Heck, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 13, 1951.*

A. M. Fitzgerald and Walter T. Day, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; Charles H. Evans, Assistant Attorney General, for Respondent.

Delaney, J.

Claimant filed his complaint herein on July 5, 1951, and alleges that on January 7, 1950 he was employed by respondent, the State of Illinois, as a guard at the Menard Penitentiary. On said day he was assigned to duty at the gate, known as the double gate, forming the entrance from the general division to the psychiatric division at said penitentiary, and was then engaged in the performance of his duties as such watchman or guard.

On the day in question, while in the course of his employment, the claimant opened said gate for the purpose of admitting supplies, whereupon an inmate of said penitentiary ran into and against the claimant with great force and violence, causing the claimant to be thrown against said gate. Because of the icy condition of the walks and premises, which were then slippery, the claimant fell on the hard surface, sustaining an abrasion over the tibia of his right leg, which, because of the severity thereof and possible internal injury at the said point of abrasion, has refused to heal or be cured.

Claimant further alleges, that, due to his physical condition, he has been retired in advance of the time when he would be entitled to the State Employees' Retirement Pension.

Claimant prays that he be awarded compensation for permanent disability to the amount and extent provided by the Workmen's Compensation Act for at least 50% of the use of his right leg, and that, in addition thereto, he be awarded compensation for loss of salary and earnings during the period of sixteen months, which he would have and could have received but for said injury, and prays judgment of this Court in the sum of Twenty-five Hundred Dollars ($2,500.00).

The record consists of the complaint, motion of respondent to dismiss, and notice to call up motion to dismiss.

Respondent alleges in its motion to dismiss that the complaint on its face shows that the accident occurred on January 7, 1950, and that the complaint was filed on July 5, 1951, and is not within the one year limitation period as prescribed by Section 24 of the Workmen's Compensation Act. Section 24 of the Workmen's Compensation Act requires that suit be filed within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid. Claimant does not allege payment of compensation.

For the reasons stated, the motion of respondent is sustained, and the complaint is hereby dismissed.